Frank L. Tobin, Esq. (Bar No. 166344)
Kendra J. Hall, Esq. (Bar No. 166836)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile:  619.235.0398

Attorneys for Plaintiff and Counter-Defendant
AMINO COMMUNICATIONS, LLC

> FILED
> CLERK, U.S. DISTRICT COURT
>
> JAN 2 2 2008
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY                              DEPUTY

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINO COMMUNICATIONS, LLC, | Case No. CV-07-1829 – *PSG(SHx)* |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Judge:  Philip S. Gutierrez |
| GUEST-TEK INTERACTIVE ENTERTAINMENT, LTD, GUEST-TEK, INC., AND DOES 1 through 10, | **NOTE CHANGES MADE BY THE COURT** |
| Defendants. | |

AND RELATED COUNTERCLAIM.

Plaintiff and Counter-Defendant Amino Communications, LLC and Defendant and Counter-Claimant Amino Communications, LLC, through their respective counsel, hereby stipulate and agree, subject to approval of this Court, as follows:

1.   As used in this Stipulated Protective Order Regarding Confidential Material ("Protective Order"), the following terms shall be defined as follows:

(a)   "Material" shall include any document, testimony or information in any form or medium whatsoever including, without limitation, any written or printed matter any photograph, drawing, chart, design or pictorial representation and any electronic, magnetic or photographic recording, whether tape, film, disk, microfiche or any other medium produced by a person in the course of this action at any time during its pendency, and all material containing information derived therefrom.

1

114545.000001/779138.02

(b)   "Person" shall include any party or non-party to this action, whether an individual, corporation, partnership, unincorporated association, governmental agency or other business or governmental entity.

(c)   "Party" shall mean any or all of the parties to this action, their attorneys of record and their agents.

(d)   "Confidential" material means any material designated as "Confidential," including all copies thereof and information contained therein.

(e)   "Attorneys' Eyes Only" material means material which is "Confidential" as defined above and that the party in good faith believes constitutes trade secrets or material that is so competitively sensitive in the context of the case that there is a real danger that the party producing the information could be prejudiced if the information is disclosed under the protection provided by a "confidential" designation.

2.   This Protective Order applies to all information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony and transcripts of deposition testimony, including data, summaries, and compilations derived therefrom, that is deemed to be confidential or trade secret information by any party, including third parties, to which it belongs, and/or which has been marked with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3.   In addition to the provisions of this Protective Order, no material produced by any party in this action shall be used for any purpose outside the context of this litigation, including, without limitation, competitive business practices, regardless whether such material bears a confidentiality inscription or is otherwise protected under this Protective Order.

4.   If a party believes in good faith that any material to be produced or provided in this litigation by parties or third parties, including depositions and production of documents pursuant to third-party subpoena, constitutes or contains confidential information, including: (i) private information of a personal or financial nature;   (ii) trade secrets or protected proprietary information; or (iii) information about any person or entity that would be substantially likely to

114545.000001/779138.02

result in current competitive injury to that person or entity if the information is divulged in this case the party may designate such material as "Confidential" or "Attorneys' Eyes Only." No such designation shall be made unless counsel of record believes in good faith that the designated material is entitled to such protection. Material is to be designated as "Confidential" or "Attorneys' Eyes Only" by physically placing either of the following inscriptions (the "Confidentiality Inscriptions") upon the confidential material **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY**.

5.   When "Confidential" material is provided in an electronic format, including video, it shall be designated by placing the appropriate Confidentiality Inscription on the disk, video or other medium containing the material. If any document is printed from a disk (or other electronic medium) bearing a Confidentiality Inscription, the printed documents should be marked accordingly.

6.   Materials designated as "Confidential," and notes made therefrom, may only be viewed by the following persons ("Qualified Persons"), and only after such persons (other than persons identified in items (a) and (e)) have signed the "Acknowledgment of Protective Order and Agreement to be Bound" attached hereto as Exhibit A.

(a)   Counsel of record working on this action on behalf of any party and counsel's partners, associates, paralegals, secretarial and clerical employees, and attorney services;

(b)   Individual parties and directors, officers and employees of the parties;

(c)   Technical personnel of the parties with whom counsel of the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial in this action;

(d)   Experts and consultants retained by any party or its counsel to assist with the action and the secretarial, technical and clerical employees of such experts and consultants who are actively assisting them in this action;

(e)   The Court and any persons employed by the Court whose duties require access to such material;

3
STIPULATED PROTECTIVE ORDER

114545.000001/779138.02

1    (f)    Court reporters and their staff; and

2    (g)    Authors or addressees of the designated material, as well as persons identified as

3           "bcc" and "cc" on such material;

4    (h)    A witness at any deposition or other proceeding, including trial, in this action

5           and/or counsel for such witness.  Such a witness may have access to the

6           information only if (1) the witness is testifying regarding the matter that is

7           confidential, and (2) if the witness agrees to keep the matter confidential.

8    7.    All documents, information or other things designated "Attorneys' Eyes Only" are

9    included within the meaning of Confidential Information as used in this Order and all provisions

10   set forth in the Order that apply to Confidential Information also apply to material designated

11   "Attorneys' Eyes Only."   However, documents, information and other things designated

12   "Attorneys' Eyes Only" shall not be disclosed to persons identified in subparagraph 6(b) [The

13   individual parties and directors, officers and employees of the parties] or subparagraph 6(c)

14   [Technical personnel of the parties with whom counsel of the parties find it necessary to consult,

15   in the discretion of such counsel, in preparation for trial in this action] of this order.

16   8.    All materials deemed "Confidential" or "Attorneys' Eyes Only" shall be used for

17   purposes of this litigation only, shall not be used by any person other than the producing party for

18   any purpose not directly involving this litigation, shall not be used, directly or indirectly, for any

19   business or competitive purposes and shall only be used subject to the terms, conditions and

20   restrictions of the Protective Order.

21   9.    The parties shall make a good faith effort to limit dissemination of "Confidential"

22   or "Attorneys' Eyes Only" material within the categories listed in the preceding paragraph to

23   those persons who have a reasonable need for access to such material.

24   10.    Whenever a deposition involves a disclosure of materials or information that any

25   party deems "Confidential" or "Attorneys' Eyes Only," the deposition shall be designated in

26   accordance with this Protective Order.  Such designation shall be made at the deposition and/or

27   within ten (10) days after the party seeking designation has received the written copy of the

28   deposition from the court reporter.  During the deposition, the disclosing party shall have the

4

STIPULATED PROTECTIVE ORDER

114545.000001/779138.02

1  right to exclude from attendance all persons other than those permitted to view the information

2  under the provisions of this Protective Order.

3       11.    Whenever a party objects to the designation of the material as "Confidential" or

4  "Attorneys' Eyes Only" and wishes to disclose such material beyond the terms of this Protective

5  Order, the party shall provide the party making such designation with reasonable written notice

6  of its desire and intent to so disclose such information.  If the parties cannot resolve their dispute

7  with respect to the propriety of any material being designated as "Confidential" or "Attorneys'

8  Eyes Only" then the party who wishes to remove such designation shall make a motion or ex

9  parte application to this Court for the resolution of the dispute.  Until such time as the Court

10 renders a decision on such dispute, the disputed material shall be deemed "Confidential" or

11 "Attorneys' Eyes Only" and the use and dissemination of the disputed material shall be limited

12 accordingly under the terms of this Protective Order.

13      12.    If any material designated as "Confidential" or "Attorneys' Eyes Only" is to be

14 filed with the Court or offered as evidence at trial, the party planning to file and/or offer as

15 evidence at trial such material must give written notice to the party that produced the records that

16 the records will be placed in the public court file and/or offered as evidence at trial unless that

17 party files an application to seal the records pursuant to Central District Local Rule 79-5.1 within

18 5 court days of receipt of the written notice.  If the party that produced the documents and was

19 served with the written notice of intent to file or offer as evidence fails to file an application to

20 seal within 5 court days of receipt of the written notice or to obtain a court order extending the

21 time to file such an application, the documents may be filed with the court and/or offered as

22 evidence at trial without being restricted by this Stipulated Protective Order.

23      13.    Any material filed under seal shall be filed and maintained under seal and shall not

24 be available for public inspection. ~~The party making the filing shall be responsible for filing the~~ *Any party seeking to file a document*

25 ~~pleading or other paper in a sealed envelope, with a cover sheet stating:~~ *under seal shall comply with L.R. 79-5.*

26              **CONFIDENTIAL- UNDER SEAL**

27      This document is subject to a Protective Order issued by the Court

28      and may not be examined or copied except in compliance with the

5

STIPULATED PROTECTIVE ORDER

114545.000001/779138.02

Protective Order. *Amino Communications, LLC v. Guest-Tek Interactive Entertainment, Ltd.*, United States District Court for the Central District of California, Case Number CV-07-1829.

14. Prior to the use of material filed under seal or ordered sealed in any pretrial hearing or trial in this action, the party wishing to use such material shall so advise the Court so that precautions may be taken to preserve the confidentiality of the material.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery from the supplying party in this action, whether or not such material is also obtained through discovery from the supplying party in this action, or from disclosing its own confidential material as it deems appropriate.

16. Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery in this action or obtained by such party that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of disclosure through no fault of the receiving party; or (c) was received from a third party who had no obligation of confidentiality at the time of the use or disclosure and against whom the producing party has filed no claim with regard to the subject information (any of which the receiving party shall have the burden of proving). The supplying party in this action reserves all rights regarding any material obtained by the receiving party independent of discovery in this action.

17. This Protective Order shall be without prejudice to the rights of the parties to bring before the Court, in an *ex parte* appearance or on noticed motion, the question of whether any particular document or information is to be designated "Confidential" or "Attorneys' Eyes Only" or filed under seal, or whether its use should be restricted, or to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

18. This Protective Order is entered solely for the purpose of facilitating the exchange of material without involving the Court unnecessarily in the process. Nothing in this Protective

---

6

STIPULATED PROTECTIVE ORDER

1    Order, or the producing of any material under the terms of this order, or any proceedings pursuant

2    to this Protective Order, shall be deemed to have the effect of an admission or waiver by any

3    party, or of altering the confidentiality or nonconfidentiality of any such material, or altering any

4    existing obligation of any party or the absence thereof.

5         19.    This Protective Order shall survive the final termination of this action, and the

6    Court shall retain jurisdiction to resolve any dispute concerning use of information disclosed

7    hereunder.

8         20.    Upon termination of this case and the expiration of any rights of appeal, counsel

9    for the parties shall assemble and return to the supplying parties, within 60 days, all material

10   designated as "Confidential" or "Attorneys' Eyes Only" and all copies of same, or shall certify

11   the destruction thereof to the supplying parties; provided, however, that outside counsel may

12   retain one copy of each document designated as "Confidential" or "Attorneys' Eyes Only" solely

13   for the purpose of reference in the event of any dispute concerning the use or disclosure of

14   information so designated and may retain copies of such materials to the extent that they contain,

15   include or affect attorney work product of the receiving attorney.

16        21.    The failure of any party to designate material as "Confidential" or "Attorneys'

17   Eyes Only" or to file such material under seal shall not constitute a waiver or otherwise affect the

18   confidentiality of other material that a party has designated or wishes to designate as

19   "Confidential" or "Attorneys' Eyes Only."

20        22.    Nothing in this Protective Order shall be deemed to limit, prejudice or waive any

21   rights of any party or person: (a) to resist or compel discovery, (b) to seek or obtain additional

22   different protection for, material claimed to be protected work product or privileged under the

23   Federal Rules of Civil Procedure, or any other applicable law; (c) to seek or modify or obtain

24   relief from any aspect of this Protective Order; (d) to object to the use, relevance, or admissibility

25   at trial of any evidence, whether or not comprised of "Confidential" or "Attorneys' Eyes Only"

26   material governed by this Protective Order; or (e) otherwise to require that discovery be

27   conducted according to governing laws and rules.

28

STIPULATED PROTECTIVE ORDER

1       23.   The placing of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
2    inscription or production identification number on the face of any document produced shall have
3    no effect upon the authenticity or admissibility of that document at trial.

4       24.   This Protective Order is without prejudice to the right of any party or person to
5    waive the applicability of this Protective Order to any "Confidential" or "Attorneys' Eyes Only"
6    material produced or disclosed by that person or to use any "Confidential" or "Attorneys' Eyes
7    Only" material owned by the party or person in any manner that party or person deems
8    appropriate.

9       25.   This Protective Order shall not affect any contractual, statutory or other legal
10   obligation or rights of any party with respect to "Confidential" or "Attorneys' Eyes Only"
11   material designated by that party.

12      26.   No documents shall be filed under seal unless an appropriate order is entered in
13   accordance Local Rule 79-.5.1 and any other applicable rules. Unless and until such an order is
14   entered, confidential material shall be lodged separately as exhibits and will be returned to
15   counsel upon completion of the hearing for which the "Confidential" or "Attorneys' Eyes Only"
16   material is submitted.

17   **IT IS SO STIPULATED.**

18

19   Dated: December 28, 2007          PROCOPIO, CORY, HARGREAVES
20                                           & SAVITCH LLP
21                                     BY:_____
22                                           Frank L. Tobin
23                                           Attorneys for Plaintiff and Counter-Defendant
                                             Amino Communications, LLC

24   Dated: December 27, 2007          DORSEY & WHITNEY LLP
25
26                                     BY:_____
27                                           Christy Bertram
28                                           Attorneys for Defendant and Counter-Claimant
                                             Guest-Tek Interactive Entertainment, Ltd.

8
STIPULATED PROTECTIVE ORDER

114545.000001/779138.02

**IT IS SO ORDERED:**

Dated: _1/22/08_

Judge of the District Court

9
STIPULATED PROTECTIVE ORDER

114545.000001/779138.02

**ATTACHMENT "A"**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND**

I, _____ state as follows:

1.   I reside at _____ in the city of _____ and the state of _____.

2.   I have read and understand the Protective Order entered in *Amino Communications, LLC v. Guest-Tek Interactive Entertainment, Ltd.*, United States District Court for the Central District of California, Case Number CV-07-1829, and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless or until modified by further Order of the Court.

3.   I consent to the exclusive jurisdiction of the Court identified in the preceding paragraph for purposes of enforcing this Protective Order and agree that the laws of the State of California shall govern any disputes regarding the enforcement of this Protective Order.

4.   I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____

114545.000001/779138.02